STATE of Iowa, Appellee,

v.

**Stanley Lavern RUSSELL, Appellant.**

No. 92–1375.

Supreme Court of Iowa.

Nov. 24, 1993.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann Brenden, Asst. Atty. Gen., Colleen Weiland, Stu-

dent Legal Intern, Mary E. Richards, County Atty., and Stephen H. Holmes, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

This case presents the issue of whether a golf cart is a motor vehicle for purposes of the OWI statute, Iowa Code § 321J.2 (1991). The district court held a golf cart is a "motor vehicle." We affirm.

The facts are not disputed. Stanley Lavern Russell was arrested after a county sheriff observed him operating a golf cart while intoxicated on the streets of Maxwell. Russell's blood alcohol content tested at .175 on the intoxilyzer.

The State charged Russell by trial information with operating while intoxicated, first offense, in violation of section 321J.2. The matter proceeded to a bench trial. The court found Russell guilty as charged, sentenced him to two days in jail and ordered him to pay a fine of $500.

On appeal, Russell claims the trial court erred in finding a golf cart is a motor vehicle for purposes of section 321J.2. He claims, *inter alia*, that, because a golf cart has low speed capabilities and is intended to be used on a golf course, the legislature did not intend it to fall within the definition of a motor vehicle. He does not contest the fact he drove a golf cart on a public street while having an alcohol concentration of .10 or more. *See* Iowa Code § 321J.2(1)(b).

For purposes of 321J.2, a motor vehicle is defined as:

> a vehicle which is self-propelled, but not including vehicles known as trackless trolleys which are propelled by electric power obtained from overhead trolley wires and are not operated upon rails.

Iowa Code § 321.1(2)(a) (1991). A "vehicle" is defined, with certain well-defined exceptions, as every device in, upon, or by which any person or property is or may be transported or drawn upon a highway. Iowa Code § 321.1(1).

The language of these statutes is clear. Consequently, there is no need to apply the rules of statutory construction other than to apply the statutes as written. *See Hinders v. City of Ames*, 329 N.W.2d 654, 655 (Iowa 1983).

A golf cart is self-propelled and is not a trackless trolley. It is a device upon which persons or property may be transported upon a highway. It does not fall within the exceptions to the definition of vehicle. *See* Iowa Code §§ 321.1(1)(a)–(d). Thus, a golf cart is a motor vehicle for purposes of the OWI statute. Russell's conviction is affirmed.

**AFFIRMED.**