STATE of Iowa, Appellee,

v.

**Mitch E. PETERS, Appellant.**

No. 94–11.

Supreme Court of Iowa.

Dec. 21, 1994.

LAVORATO, Justice.

The principle issue in this appeal is whether the State can charge one who is operating a snowmobile while intoxicated with a violation of Iowa Code section 321J.2 (1991) (prohibiting operating motor vehicle while intoxicated) even though a separate statute prohibits such conduct. *See* Iowa Code § 321G.13(3) (prohibiting operating snowmobile while intoxicated). The district court thought so, and in a bench trial on stipulated facts convicted Mitch E. Peters of violating section 321J.2.

Peters appeals his conviction and sentence, contending that the district court erred in holding that the State could charge him with a violation of section 321J.2. He also contends the district court abused its discretion in imposing a jail term. We agree with the district court and affirm the conviction. We find no abuse of discretion as to the sentence and affirm it.

## I. *Background Facts and Proceedings.*

On the evening of January 9, 1993, Ida county deputy sheriff Randy Brown was on patrol in Ida Grove. He observed three snowmobiles travelling on a downtown sidewalk and then on the streets in a careless and reckless manner. Once Brown began pursuit, the trio split up. With the aid of fellow deputy Randy Peterson, Brown eventually stopped and arrested Peters.

At the time of arrest, Peters had a strong odor of alcohol on his breath. He was taken to the Ida county sheriff's office where four standard sobriety tests were administered.

Peters successfully completed the one-legged stand. He made one mistake on the walk and turn. He failed the horizontal gaze nystagmus test and the preliminary breath test, registering above .10.

Brown invoked implied consent procedures. Peters refused to give a breath sample on the advice of his attorney. Peters ultimately was charged with operating a motor vehicle while intoxicated, second offense, under Iowa Code section 321J.2.

Later the State filed a trial information. The parties then filed a joint motion to adjudicate law points. At issue was whether

M.W. Miller, Jr. of Miller, Miller, Miller, Green & Miller, Cherokee, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., and Kirk E. Goettsch, County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

Peters should be charged under Iowa Code section 321J.2 or section 321G.13(3). As we noted, section 321J.2 prohibits operating a motor vehicle while intoxicated, and section 321G.13(3) prohibits operating a snowmobile while intoxicated.

In their motion to adjudicate law points, the parties stipulated that the snowmobile that Peters was operating met the definitional parameters of both Iowa Code section 321.1(2)(a)[1] (defining motor vehicle) and Iowa Code section 321G.1(16)[2] (defining snowmobile). The motion presented the following issue: Whether a defendant can be charged under Iowa Code section 321J.2 for operating a snowmobile while intoxicated or whether Iowa Code section 321G.13(3) supersedes and is controlling.

In ruling on this motion, Judge Robert C. Clem concluded that (1) section 321G.13(3) did not supersede section 321J.2, and (2) Peters could be charged under section 321J.2 for operating a motor vehicle while intoxicated. Later, based on the stipulation of facts, Judge James L. McDonald found Peters guilty of operating a motor vehicle while intoxicated under section 321J.2. Judge McDonald set a sentencing date and ordered a presentence investigation. *See* Iowa Code § 901.2 (presentence investigation discretionary with the court when the offense is aggravated or serious misdemeanor).

At the sentencing hearing, Judge Phillip S. Dandos sentenced Peters to one year in the county jail, with all but sixty days suspended. The judge placed Peters on probation for one year. A condition of probation was that Peters show successful completion of a substance abuse treatment program. Under the mandatory provisions of Iowa Code section 321J.4(3), Peters' license was suspended for six years. He was ordered to pay the statutory minimum fine of $750, a $225 surcharge, and court costs.

II. *Alleged Conflict Between Iowa Code Sections 321J.2 and 321G.13.*

A. *Applicable law.* Iowa Code section 321J.2 provides:

1. A person commits the offense of operating while intoxicated if the person operates a *motor vehicle* in this state in either of the following conditions:

*a.* While under the influence of an alcoholic beverage or other drug or a combination of such substances.

*b.* While having an alcohol concentration as defined in section 321J.1 of .10 or more.

(Emphasis added.)

Iowa Code section 321G.13(3) provides:

A person shall not drive or operate an all-terrain vehicle or *snowmobile:*

. . . .

3. While under the influence of intoxicating liquor or narcotics or habit-forming drugs.

(Emphasis added.)

Violation of section 321J.2 is an aggravated misdemeanor for a second offense. Iowa Code § 321J.2(2)(b). Violation of section 321G.13(3) is a simple misdemeanor. Iowa Code § 321G.14.

B. *Analysis.* Peters concedes that a snowmobile meets the definition of motor vehicle in Iowa Code section 321.1(2)(a). He so stipulated in the district court. But, he argues, the snowmobile statute is separate and distinct from the general motor vehicle provisions of chapter 321. For that reason, he says, the legislature intended the snowmobile statute to supplant the operating while intoxicated statute. So, he concludes, even though a snowmobile meets the definition of a *motor vehicle in chapter* 321, the legislature did not intend a "motor vehicle" in section 321J.2—the OWI statute—to include a snowmobile.

The gist of Peters' argument is this. Section 321G.13(3) and section 321J.2 involve the same subject matter—operating a motor vehicle while intoxicated. Section 321G.13(3) specifically regulates operation of snowmobiles, while section 321J.2 regulates operation of all motor vehicles. Section 321G.13(3) is a special statute that conflicts with the general

---

1. This section was renumbered as section 321.1(42)(a) in the 1993 Iowa Code.

2. This section was renumbered as section 321G.1(17) in the 1993 Iowa Code.

provision, section 321J.2. Under well-recognized rules of statutory construction, section 321G.13(3) should prevail. *See* Iowa Code § 4.7 (where irreconcilable conflict exists between general and special provisions, special provision prevails as exception to general provision).

The State counters that a choice between allegedly competing statutory provisions is required only when they cannot be reconciled. The State argues that the statutes here—section 321J.2 and section 321G.13(3)—are not irreconcilable, and for that reason the prosecutor was free to charge Peters under either statute.

Section 321J.2—the OWI statute—prohibits a defendant from operating a motor vehicle while intoxicated. For purposes of section 321J.2, a motor vehicle is a

> vehicle which is self-propelled, but not including vehicles known as trackless trolleys which are propelled by electric power obtained from overhead trolley wires and are not operated upon rails.

Iowa Code § 321.1(2)(a); *State v. Russell*, 508 N.W.2d 697, 698 (Iowa 1993) (per curiam).

A "vehicle," with certain exceptions not applicable here, is

> every device in, upon, or by which any person or property is or may be transported or drawn upon a highway.

Iowa Code § 321.1(1).

A snowmobile is self-propelled and is not a trackless trolley. It is a device upon which persons or property may be transported upon a highway. So a snowmobile is ostensibly a motor vehicle for the purposes of section 321J.2.

The snowmobile chapter's own definition of a snowmobile further supports this conclusion. Under that definition a snowmobile

> means a *motorized vehicle* weighing less than one thousand pounds which uses sled-type runners or skis, endless belt-type tread, or any combination of runners, skis, or tread, and is designed for travel on snow or ice.

Iowa Code § 321G.1(16) (emphasis added). So the snowmobile chapter itself defines a snowmobile not only as a vehicle, but as a motor vehicle.

■ That brings us to the critical issue: whether an intoxicated person who drives a snowmobile can be charged under section 321J.2—the OWI statute.

■ Generally, the legislature does not cover the same ground in separate statutes. If that happens and the statutes are found to be in conflict, the special statute is considered an exception to the general statute. Iowa Code § 4.7; *State v. Perry*, 440 N.W.2d 389, 390 (Iowa 1989). The special statute is considered an exception to the general statute only if the two statutes cannot be reconciled. *Perry*, 440 N.W.2d at 390.

■ Statutes covering the same ground are not irreconcilable if they can be read "in pari materia." Statutes are in pari materia when they

> relate to the same person or thing, or to the same class of persons or things, or [when they] have a common purpose.... [I]t is well established that in the construction of a particular statute, or in the interpretation of its provisions, ... [all other] statutes which are in pari materia, should be read in connection with it; and such related statutes may or should be construed together as though they constituted one law, that is, they must be construed as one system.... This rule of construction applies although the statutes to be construed together were enacted at different times, and contain no reference to one another; and it is immaterial that the statutes are found in different chapters of the ... statutes and under different headings.

82 C.J.S. *Statutes* § 366, at 801–08 (1953). In addition, "the fact that one of the statutes is a special or particular, and the other a general, one, does not preclude them from being in pari materia." 73 Am.Jur.2d *Statutes* § 189, at 389 (1974). Statutes, however, are not in pari materia when they are inconsistent.

Courts resort to the rule of in pari materia only in search of legislative intent. It is "only a rule of construction to be applied as an aid in determining the meaning of a doubtful statute, and ... it cannot be in-

voked where the language of a statute is clear and unambiguous." 82 C.J.S. *Statutes* § 366, at 813 (1953).

We conclude that sections 321J.2 and 321G.13(3) can be read in pari materia and are not conflicting. They both relate to the same thing: attaching criminal sanctions to those who operate a motor vehicle while intoxicated. In addition, they overlap in that both statutes may apply whether the offense is committed on public or private property. This is clear from the language of each statute. *See* Iowa Code §§ 321J.2 and 321G.13 (no limiting language). But in overlapping, they share a common goal: to protect people and property from drunk drivers. *Cf. People v. Rogers,* 438 Mich. 602, 607, 475 N.W.2d 717, 719 (1991) (using in pari materia analysis in concluding defendant could be charged with OWI under state snowmobile act or OWI statute).

There are no provisions in chapter 321G to punish repeat offenders of section 321G.13(3). There are, however, provisions in chapter 321J to punish repeat offenders of section 321J.2. *See, e.g.,* Iowa Code §§ 321J.2(1)(b), 321J.3, 321J.22. In this sense, section 321J.2 supplements section 321G.13(3). *Cf. Rogers,* 438 Mich. at 619–23, 475 N.W.2d at 724–25 (Brickley, J., concurring) (attaching significance to the penalties imposed, finding penalties imposed under OWI statute supplemented penalties imposed under snowmobile statute).

Finally, had the legislature intended to exclude snowmobiles from the definition of "motor vehicle" in section 321J.2, it could easily have said so. Its failure to do so negates a legislative intent to provide a separate, exclusive statutory framework for regulation of snowmobiles. *See People v. Staton,* 248 Ill.App.3d 799, 800–04, 189 Ill.Dec. 76, 78–80, 619 N.E.2d 777, 779–81 (1993) (concluding that snowmobile was not "vehicle" under the Illinois Vehicle Code because definition of vehicle expressly excluded snowmobiles as defined by Snowmobile Registration and Safety Act, evidencing legislative intent to create separate statutory scheme to regulate snowmobiles) (holding that one who operates a snowmobile cannot be found guilty of OWI).

We think there is another reason why the two statutes do not conflict. Violation of section 321J.2 may be proven by showing that the defendant had an alcohol concentration of .10 or more, an element not required for proof of violating section 321G.13(3). *Cf. Perry,* 440 N.W.2d at 391 (no conflict where two criminal statutes cover the same matter but one statute requires proof of an additional element). While it is true that different penalties are available here for essentially the same conduct, that alone is not enough to prefer one statute over the other:

> The fact that two statutes provide different criminal penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language. The adoption of one statute does not implicitly repeal another statute whenever a defendant's conduct might violate both. It is not enough to show that the two statutes produce differing results when applied to the same factual situation. The legislative intent to repeal must be manifest in the "positive repugnancy between the provisions."

*Id.* (citation omitted).

Peters relies heavily on the court of appeals decision in *State v. Gobeli,* 342 N.W.2d 898 (Iowa App.1983). He believes that *Gobeli,* a licensure case, is dispositive of the alleged conflict between section 321J.2 and section 321G.13(3). We disagree.

In *Gobeli,* the defendant was convicted of operating a motor vehicle while his license was suspended as a habitual violator in violation of Iowa Code section 321.561. The "motor vehicle" he allegedly was operating was a snowmobile. The court of appeals held that the legislature did not intend to include snowmobiles in the term "motor vehicle" in Iowa Code chapter 321. It reached that conclusion for several reasons. First, chapter 321 is a general statute regulating all motor vehicles. The legislature enacted Iowa Code chapter 321G to regulate snowmobiles. Those regulations are different from those in chapter 321. *Id.* at 899.

Second, snowmobiles are not required to be registered nor are operators required to be licensed under chapter 321. *Id.*

Third, the definition of snowmobile in section 321G.1(2) included "any self-propelled vehicle ... except any vehicle registered as a motor vehicle under chapter 321." (The exception language has since been deleted.)[3] As the court of appeals noted, if "snowmobiles are motor vehicles under chapter 321, then they are by definition no longer snowmobiles under chapter 321G,"—an impracticable and absurd result. *Id.*

Last, the defendant was convicted of driving while his license under chapter 321 was suspended, at a time when no such license was required for operating a snowmobile. *Id.* at 900.

None of these facts are present here. So, while an argument could be made that the registration and licensing provisions of chapters 321 and 321G could not be read in pari materia, no comparable argument could be made about section 321J.2 and section 321G.13(3). *Cf. Rogers,* 438 Mich. at 609, 475 N.W.2d at 720 (similarly distinguishing *Gobeli*). Moreover, the deletion of the language "except any vehicle registered as a motor vehicle under chapter 321" from the definition of snowmobile in section 321G.1(2) leaves the viability of *Gobeli* in doubt.

Our analysis leads us to conclude that the legislature did not intend section 321G.13(3) to be the exclusive remedy for punishing snowmobile operators who drive while intoxicated. Because we conclude section 321J.2 and section 321G.13(3) are not in conflict, the prosecutor had the discretion to choose which charge to file. *See Perry,* 440 N.W.2d at 391–92 (when single act violates more than one criminal statute, prosecutor may exercise discretion in selecting which charge to file, even though the two offenses call for different punishments). We therefore affirm Peters' conviction for OWI, second offense.

III. *Abuse of Discretion in Sentencing.*

■ Peters' last contention is that the district court abused its discretion in fashioning Peters' sentence. He alleges that the presentence investigation (PSI) here was based largely on a PSI ordered in a prior conviction of Peters. He characterizes the PSI here as "inaccurate, misleading, and prejudicial." He argues his resulting sentence was inherently unfair and unjust. The State contends there is no evidence that the court relied on any inaccuracies in the PSI.

Peters' belief that a different sentence was warranted is based on the uncontroverted testimony at the sentencing hearing of three individuals who know him well. The gist of their testimony is that none of them had seen Peters intoxicated since the offense. They believed he (1) had made sincere and positive changes in his life, (2) matured as a person, parent, and community member, (3) was not a danger to society, and (4) in their opinion, would not become intoxicated and then operate a motor vehicle again.

■ District court sentencing decisions enjoy a strong presumption in their favor. *State v. Johnson,* 513 N.W.2d 717, 719 (Iowa 1994) (per curiam) (citation omitted). A court must consider any information offered by the parties relevant to the question of sentencing. *See* Iowa Code § 901.2 ("[T]he court shall receive from the state, from the judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing."). A sentence based upon consideration of relevant factors will be reversed only for an abuse of discretion. Such abuse occurs when the district court "exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Schettler v. Iowa Dist. Court,* 509 N.W.2d 459, 464 (Iowa 1993). We find no abuse of discretion here.

The sentencing hearing record reveals that the court did not rely on any inaccuracies in the PSI in arriving at Peters' sentence. When Peters' attorney asked Peters at the sentencing hearing if the PSI investigator had interviewed him, he said "no." Peters' attorney asked Peters if the PSI "was to a large extent prepared before your last OWI plea taking and sentencing." Peters said "yes."

When Peters' attorney asked him whether there were any mistakes or inaccuracies in

3. *See* 1989 Iowa Acts ch. 244, § 1.

the PSI, Peters said there were. Peters' attorney then asked him to "slowly go through [the PSI] and point those out to the court." Peters did so. Inaccuracies included all of the following. First, Peters was never given the opportunity to provide his version of the offense. Second, his daughter was five years old, not two and one-half. Third, Peters had worked for the last two years for Koth Construction, not Morris Construction. Fourth, his family had never lived in Walden, Colorado. Fifth, Peters' girlfriend had lived with him for the last six months, along with her son whom Peters helps raise and support.

The court also verified the prior conviction information contained in the PSI with Peters. It included the following undisputed convictions:

1. 9/16/85 OWI, Buena Vista County
2. 11/24/86 OWI, Buena Vista County, second offense
3. 6/15/92 OWI, Ida County

Upon inquiry from his attorney, Peters also conceded that he did not successfully complete aftercare following completion of a forty-five day in-patient substance abuse treatment program.

After imposing Peters' sentence under section 321J.2, the court stated the reasons why it had done so:

> The court's reasons for selecting this sentence are the fact that the defendant has several prior convictions for operating while intoxicated, the court believes that punishment is appropriate for the purpose of deterring others from the commission of such crimes, and the court feels also that a period of probation is appropriate in order to accomplish the rehabilitation of the defendant.

It is readily apparent that the court—in sentencing Peters—did not rely on any of the PSI inaccuracies pointed out by him. The court did rely on Peters' prior conviction record contained in the PSI, which was well within its discretion. *See State v. Waterman*, 217 N.W.2d 621, 623–24 (Iowa 1974) (in imposing sentence, district court could consider record of prior convictions contained in presentence report).

### IV. *Disposition.*

A snowmobile is a motor vehicle as defined in Iowa Code section 321.1(2)(a) and applied in Iowa Code section 321J.2. There is no conflict between Iowa Code sections 321J.2 and 321G.13(3). The prosecutor had discretion to charge Peters under either section.

The transcript of the sentencing hearing clearly shows that the district court did not rely on any inaccuracies in the PSI in fashioning Peters' sentence.

We affirm the judgment of conviction and sentence.

**AFFIRMED.**