# IN THE COURT OF APPEALS OF IOWA

No. 13-1071
Filed June 11, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AMANDA MARIE TAYLOR,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor (plea) and Gary D. McKenrick (sentencing), Judges.

A defendant appeals her sentence following her guilty plea to several drug-related offenses. **AFFIRMED IN PART, CONSPIRACY CONVICTION VACATED, AND CASE REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler Buller, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion Trowers and Kelly G. Cunningham, Assistant County Attorneys, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ. Tabor, J. takes no part.

**MULLINS, J.**

Amanda Taylor appeals following her guilty pleas to the following offenses: (1) the sale, transfer, furnishing, or receipt of a product used to manufacture methamphetamine, in violation of Iowa Code sections 124B.9(1) and 703.1 (2011), a class "C" felony; (2) sponsoring a gathering where controlled substances are unlawfully used, in violation of sections 124.407 and 703.1; a class "D" felony; (3) conspiracy to commit a non-forcible felony, in violation of sections 706.1(a) or (b), 706.3, and 703.1, a class "D" felony; and (4) child endangerment, in violation of sections 726.6(1)(a) and (g), 726.6(6), and 703.1, a class "D" felony.[1]  On appeal Taylor claims the court imposed an illegal sentence by failing to merge the conviction for conspiracy to commit a non-forcible felony with the conviction for the sale, transfer, furnishing, or receipt of a product used to manufacture methamphetamine.  She asserts her attorney was ineffective in not challenging the court's use of improper victim impact statements.  Finally, she claims the court considered improper factors in sentencing her.  For the reasons stated, we affirm Taylor's conviction in part, vacate Taylor's conviction on the conspiracy offense, and remand her case for resentencing.

**I. Background Facts and Proceedings.**

Police discovered a methamphetamine lab at Taylor's home, which she shared with her boyfriend and her four children.  She also used the home for a state-licensed daycare.  The State charged Taylor, along with her boyfriend, with multiple counts.  Taylor agreed to plead guilty to four of the counts.  At the plea

---

[1] In exchange for her guilty plea, the State agreed to dismiss five other charges.

hearing, Taylor supplied the factual basis to support each of her guilty pleas. With respect to furnishing a product to be used to manufacture methamphetamine, Taylor explained that she purchased pseudoephedrine so her boyfriend could make methamphetamine. With respect to the sponsoring-a-gathering count, Taylor admitted she knew her boyfriend was using methamphetamine in her home and was having others over to use methamphetamine. On the conspiracy count Taylor admitted providing pseudoephedrine to help her boyfriend and others manufacture methamphetamine and that she aided and abetted that activity. Finally, on the child-endangerment count Taylor admitted she had two of her own children with her at the time when methamphetamine was being manufactured in the house. The court deferred acceptance of the plea agreement until the presentence investigation was completed.

At the sentencing hearing, Fawn, the mother of a four-year-old child who attended daycare at Taylor's home and later tested positive for methamphetamine, offered an oral and written statement to the court regarding the impact the offenses committed by Taylor had on her and her child. There was no objection to the testimony. The State recommended incarceration for Taylor, referring to the impact the crime had on the children in the daycare and the impact on the police department, which is investigating and cleaning up a high volume of methamphetamine cases—"[T]he State feels compelled to ask for incarceration. I guess the cost to society and what these children have gone through, the fears that these parents are suffering is too great, and the State

really believes that there really needs to be a very strong message sent." The State noted the sentence was about giving a face to the victimization the families had suffered and that Taylor showed a "real callous disregard" for her own children and the other children who were at the house.

Defense counsel acknowledged the pain of Fawn and the other parents that were at the sentencing hearing and asked the court for probation considering the positives in Taylor's life, her lack of a criminal record, and her cooperation with the department of human services. Taylor stated on the record that she was "sorry to Fawn, to the kids, to the parents, to my children, to my family for what they have been through." She acknowledged the risks to herself, her children, and everyone else. The presentence investigation report recommended probation. In addition, in the presentence investigation report, Taylor acknowledged running an in-home daycare and noted the families of her daycare children were affected by the crime because they had to seek a new daycare provider on short notice.

The court acknowledged it had reviewed the documents filed with the clerk including some "victim statements" and a number of written statements on behalf of Taylor. Included in what the court termed "victim statements" were letters written by community members; some of Taylor's family; friends, family, and co-workers of Fawn; and the father to Taylor's children. The statements in support of the defense included Taylor's family members, friends, and two of her children.

In pronouncing the sentence of incarceration on each of the four counts, to be served concurrently, the court stated:

The Court has reviewed the presentence investigation report as well as the other documents which the Court referenced earlier. I think, as recognized by both counsel for the State and counsel for the Defendant, the presentence investigation report sets forth information that argues favorably for a probationary sentence for the Defendant. The Defendant does not have any previous criminal involvement. She is relatively young. She's been employed and is capable of sustained employment over significant periods of time as demonstrated by her history. She's completed high school. She's got family support. All of that argues strongly in favor of probation if not in favor of a deferred judgment.

The critical issue for the Court concerns the issues raised by counsel for the State concerning the community impact of the offenses. Not only to the Defendant and her immediate family, but for those families that were directly impacted by the offenses. The Court has to consider specific deterrence, which is a sentence that would deter Ms. Taylor herself from further criminal activity as well as meet Ms. Taylor's rehabilitative needs. And when considering those factors alone, the Court would not hesitate to grant probation and would give serious consideration to granting Ms. Taylor a deferred judgment. But the Court also has to consider the impact on the community and the concept of general deterrence and the message that is sent to the community at large about behavior such as lead to the criminal offenses which the Defendant has plead guilty to. And as indicated by counsel for the State, those factors argue strongly in favor of a sentence of incarceration.

Had it been simply your own children, Ms. Taylor, the Court undoubtedly would lean toward a probationary sentence. This Court has trouble getting past the fact that you ignored the safety of the children whose parents entrusted you to care for them. There is simply no doubt about that. I'm somewhat concerned from my review of the presentence investigation report that you haven't fully comprehended that breach of trust. You have indicated it today and I take that at face value, but I'm not sure that you totally internalize it. For all of those reasons, the Court concludes that a sentence of incarceration is appropriate.

Taylor now appeals the sentence imposed.

## II. Scope and Standard of Review.

When a defendant claims a sentence is illegal based on the court's failure to merge two counts, our review is for correction of errors at law. *State v. Lambert*, 612 N.W.2d 810, 815 (Iowa 2000). We review ineffective-assistance

claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Finally, we review a trial court's sentencing decision for correction of errors at law and will only upset the decision on appeal if the defendant demonstrates the trial court abused its discretion or if there was a defect in the sentencing procedure such as the court's consideration of impermissible factors. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

**III. Merger.**

Taylor first contends the court imposed an illegal sentence when it failed to merge her conviction for the sale, transfer, furnishing, or receipt of a product used to manufacture methamphetamine[2] with her conviction for conspiracy to commit a non-forcible felony.[3] She claims under Iowa Code section 706.4[4] the convictions and sentences should merge because the same factual basis in her guilty plea was used to support both convictions: she supplied pseudoephedrine to her boyfriend so that he could make methamphetamine. She claims because

---

[2] Iowa Code section 124B.9 provides, in part: "A person who sells, transfers, or otherwise furnishes a precursor substance with knowledge or the intent that the recipient will use the precursor substance to unlawfully manufacture a controlled substance commits a class "C" felony."

[3] Iowa Code 706.1(1)(a)-(b) provides:

> A person commits conspiracy with another if, with the intent to promote or facilitate the commission of a crime which is an aggravated misdemeanor or felony, the person does either of the following:
> a. Agrees with another that they or one or more of them will engage in conduct constituting the crime or an attempt or solicitation to commit the crime.
> b. Agrees to aid another in the planning or commission of the crime or of an attempt or solicitation to commit the crime.

[4] Iowa Code section 706.4 provides: "A conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy. A person may not be convicted and sentenced for both the conspiracy and for the public offense."

the same factual basis supports both offenses, the convictions should merge and she should be resentenced on only the substantive offense.

The State maintains the two convictions do not merge in this case because they are two separate offenses. The first count charged Taylor with transferring pseudoephedrine with the knowledge it would be used to make methamphetamine, whereas the conspiracy count charged Taylor with engaging in conduct that promoted or facilitated the agreement to manufacture methamphetamine. The State points to the minutes of testimony as supplying information to support other acts Taylor did in the furtherance of the conspiracy such as supplying Coleman fuel and cold-packs. The State cites to *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013), in support of its reliance on the minutes of testimony to supply a factual basis to support its argument the two convictions do not merge.

We agree, under *Finney*, it is proper to resort to the minutes of testimony when the challenge is to the factual basis to support a guilty plea. However, here there is no question as to the validity of the guilty plea. Taylor supplied the facts to support her guilty plea to both the conspiracy and the furnishing a precursor. Taylor did not admit to the accuracy of the minutes of testimony, which included a number of facts and allegations that were not part of the guilty plea record. The only precursor she admitted to supplying was pseudoephedrine, which was also the only thing she admitted to supplying in the furtherance of the conspiracy. The question of whether two convictions merge under section 706.4 is an entirely different issue than whether a factual basis supports a guilty plea under *Finney*,

and thus, we reject the State's attempt to use the unproven and unadmitted facts contained in the minutes of testimony to support the conclusion the two convictions should not merge. *See State v. Walker*, 610 N.W.2d 524, 526–27 (Iowa 2000) (holding the two offenses did not merge where there was an independent factual basis to support each offense to which the defendant pled guilty); *see also State v. Dittmer*, 653 N.W.2d 774, 777 (Iowa Ct. App. 2002) (finding the conspiracy and the substantive offense did not merge because the State explained, the district court accepted, and the defendant did not contest, at the plea hearing, the two charges stemmed from different acts with different people at different times); *see generally State v. Turecek*, 456 N.W.2d 219, 223 (Iowa 1990) (stating the test for whether a crime must be submitted as a lesser-included offense entails the trial court determining "whether if the elements of the greater offense are established, *in the manner in which the State has sought to prove those elements*, then the elements of any lesser offense have also necessarily been established" (emphasis added)).

Because the same facts supplied by Taylor supported both the conviction for furnishing a precursor to be used to manufacture methamphetamine and the conviction for conspiracy to commit a non-forcible felony, to wit: manufacture methamphetamine, the two convictions and sentences should merge. We vacate Taylor's conviction on the conspiracy charge and remand for resentencing.

## IV. Guidance on Resentencing: Victim Impact Statements.

Although we are remanding the case for resentencing due to our decision on the merger claim, we will address Taylor's two other claims on appeal to

provide the district court with guidance upon resentencing so the same issues do not arise again. Taylor claims her trial attorney was ineffective in failing to object to the court's use of improper victim impact statements at sentencing. Taylor concedes that the statement submitted by her children's father was a proper victim impact statement because the children were considered victims under the child-endangerment conviction. However, she asserts all the other statements, including those submitted by Fawn; friends, family, and coworkers of Fawn; general members of the community; and some of her own family were improper because the people submitting the statements were not considered victims of any of the crimes of which she was convicted. She also claims the court should not have relied on these statements when imposing the sentence because they contained improper factors.

The State asserts the letters written to the court were not true victim impact statements. The State claims the only true victim impact statement was presented by Fawn, and this statement was properly considered as a victim impact statement because Fawn was a victim by virtue of her four-year-old son's exposure to methamphetamine as a result of Taylor's crime of providing pseudoephedrine to her boyfriend so that he could manufacture methamphetamine.[5] The State claims as to the other letters, Taylor does not identify any specific legal basis for excluding them from the court's consideration.

---

[5] The State also claims Taylor cannot prove her counsel was ineffective in not objecting to the letters because the rules of evidence do not apply at a sentencing hearing. *See* Iowa R. Evid. 5.1101(c). It claims there is no reasonable probability that any such objection would have changed the outcome of the sentencing proceeding. In addition, the State also contends that even if there was an arguable basis for making an

In rendering a sentence, Iowa Code section 901.2 provides that the court "must consider any information offered by the parties relevant to the question of sentencing." *State v. Peters*, 525 N.W.2d 854, 859 (Iowa 1994) (noting Iowa Code section 901.2 provides, in part, "[T]he court shall receive from the state, from the judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing"). In addition "[t]he court *may* consider information from other sources." Iowa Code § 901.2 (emphasis added). Iowa Code section 901.5 provides the court is to receive and examine all pertinent information, including the presentence investigation report and victim impact statements, if any, when considering its sentencing options. *See State v. Phillips*, 561 N.W.2d 355, 359 (Iowa 1997) (finding a father's oral testimony was properly considered by the sentencing court under sections 901.2 and 901.5).

Victims are permitted to submit statements to the court at the time of sentencing. A victim is defined in Iowa Code section 915.10(3) as "a person who has suffered physical, emotional, or financial harm as the result of a public offense or a delinquent act, other than a simple misdemeanor, committed in this state. The term also includes the immediate family members of a victim "who died or was rendered incompetent as a result of the offense or who was under

---

objection, counsel exercised a tactical decision not to object because it wanted the court to consider the many letters submitted by people on Taylor's behalf.

Because we are remanding the case for resentencing, we need not determine whether defense counsel was ineffective, and therefore, we need not address these assertions by the State. We address Taylor's claims here only to provide the resentencing court guidance on what evidence to consider on remand. But we do note that under Iowa Code section 901.2, the court must consider information offered by party, such as the letters defense counsel offered from Taylor's family and friends.

eighteen years of age at the time of the offense." Iowa Code § 915.10(3). A victim is permitted to submit a victim impact statement to the court indicating "the physical, emotional, financial, or other effects of the offense upon the victim." *Id.* § 915.10(4). The statement can be oral or written, live or recorded; it is not under oath; and the victim is not subject to cross-examination. *See id.* §§ 915.10(4), 915.21.

The only evidence offered by the State at sentencing in this case was the testimony of Fawn. If Fawn's four-year-old son is considered a victim—having suffered physical, emotional, or financial harm from an offense committed by Taylor—then Fawn, as his mother, is also considered a victim due to his minority status. *See id.* § 915.10(3). Taylor contends the four-year-old is not a victim because the only children that were identified in the guilty plea proceeding were two of her own children, as they were the victims of the child endangerment charge. Because she did not admit to endangering Fawn's son, or any of the other daycare children, she contends they do not qualify as victims. The State maintains that the four-year-old is a victim, not of the child-endangerment conviction, but of the furnishing-pseudoephedrine conviction and the conspiracy-to-manufacture-methamphetamine conviction.[6] The four-year-old tested positive for methamphetamine indicating an exposure to the drug. Because he was exposed to the drug, the State claims the child is a victim, thereby making his mother a victim as well.

---

[6] Pursuant to the discussion above, the conspiracy conviction merged into the furnishing-a-precursor conviction.

As stated above a victim is someone who has suffered physical, emotional, or financial harm as the result of a public offense. So the question becomes, did the four-year-old suffer some type of harm due to his exposure to the manufacturing of methamphetamine that was occurring in Taylor's home and did the harm result from an offense to which Taylor pled guilty. In her in-court statement, Fawn indicated the doctors know very little about the long-term effects of exposure to methamphetamine. She referenced the fact her son was complaining of headaches and staying up late, which she initially attributed to a late nap. She stated, "[M]y son is still suffering from what you guys exposed him to," but she provided no medical or pharmaceutical evidence, diagnosis, or prognosis linking her observations of her son to the exposure to methamphetamine. Fawn's written statement also does not shed any more light on the harm her son suffered as a result of being exposed to methamphetamine, though Fawn does discuss the psychological impact she felt "not knowing the long-term effects of meth exposure."

It is not enough for the court to presume harm to a person who claims to be a victim. There must be some evidence the victim was harmed in some way. *See id* § 915.10(3). The current record is unclear regarding the extent to which the child suffered harm. On remand, we leave it to the district court to determine whether sufficient evidence was offered to establish the child, and his mother by extension, was harmed. In addition, in making this determination the court should also identify which public offense resulted in the harm to the child and his mother. *Id.* If the child is not considered a victim, the court should not consider

the victim impact statement of Fawn at resentencing. *See State v. Tesch*, 704 N.W.2d 440, 450-53 (Iowa 2005).

With respect to the letters in the court file, neither party offered those to the court during the sentencing hearing, so the court was not obligated to consider them in sentencing. *See* Iowa Code § 901.2; *Peters*, 525 N.W.2d at 859. The letters were mailed to the clerk of court and included in the court file. The letters were from Fawn's friends, family, and coworkers; general members of the community; and some of Taylor's family. None of these individuals qualify as victims under section 915.10(3). However, the letters do qualify as information "from other sources" that the court *may* consider in sentencing so long as the letters did not contain impermissible factors. Iowa Code § 901.2; *see also id.* § 901.5.

The statements generally referenced outrage at the probation sentence for Taylor's boyfriend, reminded the court that Taylor put the lives of the daycare children and her own children in danger by allowing the methamphetamine to be manufactured in her home, reiterated that the future health consequences for the children are unknown, asserted Taylor had shown no remorse or guilt for her actions, stated that Taylor's bedroom had caught on fire twice due to the methamphetamine manufacturing and that a child's playpen was located in the same room, claimed Taylor used methamphetamine while in the care of the children, and mentioned Taylor's child was terrified when she had to exit the home in the middle of the night with her hands up and police guns drawn.

We note some of the letters reference conduct Taylor allegedly engaged in that was not part of the offenses to which she pled guilty. We caution that a sentencing court is not permitted to consider "additional, unproven, and unprosecuted charges." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The court should not look to the minutes of testimony to provide facts when considering what sentence should be imposed, unless the facts in the minutes are admitted to or otherwise established as true. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (refusing the State's request to refer to the minutes of testimony to provide facts the sentencing court relied upon and considered). "Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *Id.*

The sentencing court mentioned it had reviewed the "victim statements" filed with the clerk, and did not specifically disclaim consideration of the allegations of unproven charges. *See State v. Matheson*, 684 N.W.2d 243, 244– 45 (Iowa 2004) ("As a minimum the court should make it clear the offending evidence was not a consideration."). The court should take care on remand to specifically disclaim any information it believes consists of an improper sentencing consideration.

Because we find the conspiracy conviction merged into the furnishing a precursor conviction, we vacate the conspiracy conviction, affirm the other convictions, and remand this case for resentencing.

**AFFIRMED IN PART, CONSPIRACY CONVICTION VACATED, AND CASE REMANDED FOR RESENTENCING.**