# IN THE COURT OF APPEALS OF IOWA

No. 15-0169
Filed November 12, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLAS C. MIGLIO,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Joel D. Yates (plea) and Annette J. Scieszinski (sentencing), Judges.

A defendant who pleaded guilty to a drug felony appeals the district court's denial of his request for a deferred judgment.  **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Alfredo Parrish and Andrew Dunn of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, Brown & Bergmann, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Sharon K. Hall, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Nicholas Miglio contends the sentencing court abused its discretion in denying his request for a deferred judgment. Miglio also argues his counsel was ineffective by not objecting to misinformation in the presentence investigation (PSI) report that he failed to follow through with recommendations required by Iowa Code section 811.2(1)(b) (2013). Because we agree counsel's omission allowed the sentencing court to rely on a faulty finding in the PSI report, we remand for resentencing. We do not address the question whether the court abused its discretion.

## I.      Background Facts and Proceedings

When he was arrested for possessing marijuana with intent to deliver during a traffic stop on Interstate 80, Nicholas Miglio was nineteen years old and in his second year at St. Ambrose University in Davenport. He had a double major in finance and philosophy and a minor in economics. Miglio grew up in Chicago and returned to his family's home during breaks from college. After his April 22, 2014 arrest, Miglio was released on his own recognizance without bond or court services.

The State charged Miglio in a three-count trial information with (1) failure to affix a drug tax stamp, a class "D" felony in violation of Iowa Code sections 453B.1, 453B.3, and 453B.12; (2) possession with intent to deliver marijuana, a class "D" felony, in violation of section 124.401(1)(d); and (3) unlawfully keeping a premises for drugs, an aggravated misdemeanor in violation of section 124.402(1)(e). On September 15, 2014, Miglio pleaded guilty to count two,

possession with intent to deliver marijuana. Miglio admitted at the plea hearing that he possessed less than fifty kilograms of marijuana and intended to "not sell, but share it" with someone else. As part of the plea agreement, Miglio could request a deferred judgment and the State would take no position at sentencing.[1]

Before sentencing, Miglio met with the PSI author, who recorded the following comment under his Arrest History:

> [T]he defendant reported during the presentence interview conducted on December 1, 2014, that he had no prior criminal record including deferred judgments and that he had never been placed on adult probation or parole; however an NCIC Criminal Records Response reflects that he received a prior deferred on December 19, 2013 and that he was placed on Court supervised probation for six months and was on probation to Warren County, Illinois Court Services when he was charged with the instant and pending offense. Information received from the Warren County State's Attorney's Office reports that they did not file a probation violation complaint against the defendant because they were not aware of the new offense. They report that he has paid the fine in full and that the probation has expired in June of 2014.

The PSI report listed his prior Illinois misdemeanor offense as possession of cannabis on November 16, 2013. The disposition was to withhold judgment with six months supervision and a fine of $815.

Also in the PSI report, under Offender Intervention Comments, the following information appeared:

> The defendant reportedly obtained a substance abuse evaluation following his release in this matter while on break from school in Chicago, Illinois . . . . Information received from the defendant's mother indicates that the evaluation was conducted by Presence Behavioral Health. [The PSI attached a copy of the evaluation results.]

---

[1] Miglio was eligible for a deferred judgment under Iowa Code sections 901.5(1) and 907.3.

It should be noted that the licensed addiction counselor recommended that Mr. Miglio "have random drug screens and attend counseling when he returns to school"; however the defendant failed to follow through with the recommendation even though it is required as a condition of his release pursuant to Section 811.2(1)(b) of the Code of Iowa.

The PSI author further shared a report from Miglio's mother explaining it was difficult for Miglio to follow up with the recommended treatment in Davenport because he did not have a vehicle at college, but that he did see a clinical psychologist when he returned home to Chicago. The PSI author responded by noting the availability of substance abuse treatment within walking distance from Miglio's residence in Davenport. The author also wrote that the psychologist in Chicago did not appear from his website "to provide any form of substance abuse services."

In making his sentencing recommendation, the PSI author again repeated that Miglio was "statutorily required" to follow through with the recommendations for random drug screens and counseling. The PSI author stated:

> Mr. Miglio claims that he did not follow through with the recommended treatment because he felt that the drug program had a "cookie cutter" feel and "lacked a sense of specificity" to his personal needs. Mr. Miglio further expressed that he sees a licensed clinical psychologist for treatment of ADD and ADHD and he felt that his appointments with Dr. Gordon allow him the feeling of "individuality." While it is encouraging that the defendant continues to see his psychologist; it should not take the place of receiving substance abuse treatment through a certified addictions counselor while maintain the credibility of treatment through random drug screening.

The PSI report ultimately recommended Miglio receive a suspended sentence and be placed on probation.

Miglio appeared for sentencing on January 12, 2015. At the hearing, defense counsel pointed to several incorrect statements in the PSI. Specifically, counsel noted the drug treatment provider was not within walking distance from Miglio's residence, but "that he does have a scheduled appointment for an evaluation with the same organization" at a different facility. Counsel also noted Dr. Gordon was not treating Miglio for ADD and ADHD; "his primary care physician treats him for those two conditions." Counsel offered as an exhibit a letter from Dr. Gordon, discussing his treatment of Miglio for "intense anxiety" and Miglio's past practice of using marijuana to "self-medicate." Dr. Gordon further stated in the letter that Miglio was "absolutely committed to a program of sobriety." The defense also offered exhibits showing two negative drug screens conducted on November 26, 2014, and January 8, 2015, at a Chicago-area testing center.

Defense counsel did not object to statements in the PSI report that Miglio violated his pretrial-release conditions under section 811.2(1)(b).

Defense counsel told the sentencing court, on the issue of his Illinois possession-of-marijuana offense, that Miglio appeared in court without counsel, did not know he was on probation, and did not know "what a deferred judgment meant."

Defense counsel asked for a deferred judgment for Miglio. Counsel stated: "I think it's taken him some time to understand that he just simply can't use marijuana. And I think he understands that now." Counsel noted his client's

double major at St. Ambrose and expressed that "a felony conviction would pretty much derail any plans that he has subsequent to his college education."

The sentencing court told the parties it had "carefully read the presentence investigation report" and asked Miglio about his "decision not to seek the treatment that was recommended" after his substance-abuse evaluation. Miglio responded that he did seek further counseling, though not with a licensed drug abuse counselor and was participating in drug screens.

In rejecting Miglio's request for a deferred judgment, the court stated:

> [I]t's a surprise in this case to see that you really didn't take ownership in this case. And there are a number of instances outlined in the presentence report that indicate that you really believe that you know things better than the folks that are making the requirements. I think you even indicated here on the record today that you didn't get the follow up to the substance evaluation because you believed that something different was the way to go.

The court continued:

> It's crucial that a person seeking to defer conviction takes ownership for what they've done, they take ownership for the conditions and the problems they need to wrestle with to become rehabilitated, and that they are honest with the Correctional Services people, you know there an issue about that in this case.

The court entered judgment on Miglio's felony conviction, suspended his indeterminate five-year sentence, and placed him on probation for five years. Miglio challenges that judgment and sentence on appeal.

## II. Scope and Standards of Review

We review de novo Miglio's claim that he received ineffective assistance of counsel at the sentencing hearing. *Id.* We will resolve such claims on direct appeal where the record is adequate to do so. *See State v. Clay*, 824 N.W.2d

488, 494 (Iowa 2012). To prevail on his claim of ineffective assistance, Miglio must show counsel failed to perform an essential duty and prejudice resulted. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In deciding whether counsel failed to perform an essential duty, we measure counsel's performance "objectively by determining whether [it] was reasonable, under prevailing professional norms, considering all the circumstances." *State v. Lyman,* 776 N.W.2d 865, 878 (Iowa 2010). In deciding whether the breach of duty resulted in prejudice, we looks to see if the defendant can show by a reasonable probability that, but for the counsel's unprofessional error, the result of the sentencing proceeding would have been different. *State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015).

**III.    Analysis**

Miglio contends counsel was ineffective in failing to specifically object to the PSI's "false finding" that Miglio violated conditions of his pretrial release under section 811.2(1)(b).

In sentencing a defendant, the district court must receive and examine "all pertinent information, including the presentence investigation report" in deciding on the sentencing option that will "provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. The PSI report's primary function is to provide pertinent information to assist the district court in reaching a sentencing decision. *State v. Grandberry,* 619 N.W.2d 399, 402 (Iowa 2000). When the district court orders a PSI report, the investigator is

required to include the defendant's characteristics, family and financial circumstances, needs, and potentialities, criminal record, social history, circumstances of the offense, the harm to the victim and community, and mitigating circumstances. Iowa Code § 901.3. "The PSI report not only includes relevant information concerning sentencing, but a sentencing recommendation." *Hopkins*, 860 N.W.2d at 556–57. Although the court is not bound to follow the sentencing recommendation reached by an officer of the department of correctional services, the PSI report's recommendation is a factor that could influence the sentencing decision. *Id.* at 557.

In choosing an appropriate sentence, the district court is free to consider portions of a PSI not challenged by the defendant. *See State v. Witham,* 583 N.W.2d 677, 678 (Iowa 1998). Where the record shows the district court knew of inaccuracies in the PSI report and did not rely on them, appellate courts have found no basis for vacating the sentence. *See, e.g., State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999); *State v. Peters*, 525 N.W.2d 854, 860 (Iowa 1994). As discussed below, nothing in the record suggests the court sentencing Miglio was aware of the PSI report's inaccuracy regarding section 811.2(1)(b).

In this case, defense counsel challenged portions of the PSI report, but did not object to repeated allegations in the report that Miglio violated conditions of his pretrial release under Iowa Code section 811.2(1)(b), which provides:

> Any bailable defendant who is charged with unlawful possession, manufacture, delivery, or distribution of a controlled substance or other drug under chapter 124 and is ordered released shall be required, as a condition of that release, to submit to a substance abuse evaluation and follow any recommendations proposed in the evaluation for appropriate substance abuse treatment.

The State concedes on appeal that when Miglio was released April 22 on his own recognizance, he was not ordered to comply with section 811.2(1)(b), and instead he voluntarily obtained a substance abuse evaluation.[2] *See* Iowa Code § 804.21(4). Miglio completed that voluntary assessment on May 28, 2014, with clinician John Houlihan at Presence Health in Chicago. Houlihan's report—which was an attachment to the PSI—noted Miglio "completed an 8 hour course of education and brief counseling and did well; showing a good grasp of the principles of addiction and negative consequences of drug and alcohol use." Houlihan recommended Miglio have "random urine drug screens and attend counseling when he returns to school." The PSI report stated Miglio "failed to follow through with this recommendation even though it is required as a condition of his release pursuant to Section 811.2(1)(b) of the Iowa Code." The PSI report repeated the allegation of a statutory violation in its sentencing recommendation.

Given the circumstances of Miglio's release and the State's concession he was not informed that a substance-abuse evaluation was a condition of his release, we find counsel breached an essential duty by not challenging the PSI report's references to section 811.2(1)(b). The State argues it was "highly relevant" to the sentencing court's decision that Miglio elected to see his psychologist in Chicago rather than follow Houlihan's recommendation that he attend drug counseling at college. While it may be relevant that a defendant

---

[2] We do not suggest that it was proper to release Miglio without the condition that he submit to a substance-abuse evaluation under section 811.2(1)(b), but rather we find that it is necessary to inform a defendant of the conditions of release if penalties are to be applied to a violation of the condition. *See* Iowa Code § 811.2(5).

does not follow the recommendations from a voluntary assessment, in this case the sentencing court was wrongly informed by the PSI report that Miglio violated conditions of his release by not following the recommendations of a "statutorily required" evaluation.

We next turn to the question of prejudice. Generally, in sentencing cases, we are reluctant to speculate about the weight that a trial court "mentally assigned" to an impermissible factor, or whether it tipped the scales toward a harsher sentence. *See State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981) (remanding for resentencing without consideration of improper factors). We know in this case, after reviewing the PSI report, the sentencing court observed that Miglio had not taken "ownership" of his case and further noted "a number of instances outlined in the presentence report that indicate that you really believe that you know things better than the folks that are making the requirements." The court's reference to "requirements" rather than to "recommendations" signals it was relying on an improper factor, i.e., the PSI report's finding Miglio violated the conditions of his release under section 811.2(1)(b).

If defense counsel had lodged an objection to the inaccurate statements in the PSI report indicating Miglio had violated pretrial-release conditions, a reasonable probability exists the district court would have more seriously considered granting his request for a deferred judgment. The prejudice from counsel's omission reflects in the court's reasoning that it was "crucial that a person seeking to defer conviction takes ownership for what they've done" and "ownership for the conditions and the problems they need to wrestle with to

become rehabilitated." It is much more likely the court would have believed Miglio was taking responsibility for his drug offense if the PSI report had been clarified to show Miglio had voluntarily sought out the substance-abuse assessment, even if he did not strictly follow the clinician's recommendations for follow-up treatment. We conclude Miglio was prejudiced by his counsel's omission.

Having determined trial counsel provided ineffective assistance at sentencing, we vacate the judgment and sentence. We decline Miglio's invitation to grant a deferred judgment on appeal and instead remand for resentencing where that option is available to the sentencing court. On remand, we direct the PSI report be updated to remedy the issues addressed in this decision. *See State v. Polk*, No. 04-0570, 2005 WL 2805550, at *2 n.2 (Iowa Ct. App. Aug. 31, 2005).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**