**IN THE COURT OF APPEALS OF IOWA**

No. 15-1175
Filed March 23, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DERIK ASHLEY OTERO,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

The defendant challenges his sentences. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Pursuant to a plea agreement, Derik Otero pleaded guilty to and was convicted of burglary in the third degree, theft in the first degree, criminal mischief in the fifth degree, and possession of a controlled substance, third or subsequent offense. In exchange for his guilty pleas, the State agreed to dismiss numerous other charges filed against Otero. The plea agreement also provided that the State would recommend the sentences be served concurrent with each other but that the parties were otherwise free to argue. At sentencing, the State argued for incarceration and recommended the sentences "run concurrently with one another." The court sentenced Otero to an indeterminate term of incarceration not to exceed ten years for the theft conviction with all other sentences to be served concurrent with the same. Otero challenges his sentences on appeal.

Otero first argues the district court considered impermissible factors in imposing sentence. Specifically, Otero argues the district court considered dismissed charges in imposing sentence. A sentencing decision will not be reversed absent a showing of an abuse of discretion or some defect in the sentencing proceeding. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion will be found only when a sentencing court acts on grounds clearly untenable or to an extent clearly unreasonable. *Id.* In exercising its discretion, the district court should weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attendant circumstances, the defendant's age, character, and propensities or chances of reform. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). A court may not

consider an unproven or unprosecuted offense when sentencing a defendant unless the facts before the court show the accused committed the offense, or the defendant admits it. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). When a challenge is made to a criminal sentence on the basis the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied upon. *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000).

Otero contends the district court explicitly stated that it looked at the defendant's "charges" when imposing sentence.

> Mr. Otero, I looked at your presentence investigation, as well as the charges in this matter. The earliest charge is November of 2013. It appears that you've scrambled in the last couple of months to try to indicate that you're turning your life around, but you haven't done anything prior to that, which would indicate to the Court that you hadn't done anything seriously to rehabilitate your issues. I'm glad you're going to AA. It appears you do have a substance abuse problem. But as they say in that program, actions speak a lot louder than words, and your actions -- especially your criminal history, as well as the facts and circumstances surrounding these events – I'm only considering the convictions in your criminal history, not the arrests or dismissals -- indicate otherwise.
>
> . . . .
>
> You have a real issue with committing criminal acts, whether you're under the influence of alcohol or drugs or both, and that is a harm to the community. Had you started doing this from day one in November of 2013 when you first had that felony charge, I guess I would have been more impressed, but you only tried to turn things around the last couple of months knowing you were going to be sentenced in May, which was then continued. Based on your criminal history and, again, the facts and circumstances surrounding each event, the Court feels a period of incarceration is warranted.

We conclude the district court did not consider impermissible factors. A district court's sentencing decision enjoys a strong presumption in its favor.

*State v. Peters*, 525 N.W.2d 854, 859 (Iowa 1994). To overcome the presumption, a defendant must affirmatively show the district court relied on improper evidence, such as unproven offenses. *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). "We will not draw an inference of improper sentencing considerations which are not apparent from the record." *Formaro*, 638 N.W.2d at 725. Otero wrenches the remark from context. The sentencing court referenced the defendant's charges only to note Otero was charged more than one and one-half years prior to the sentencing hearing but had only recently started making any effort at rehabilitation. The district court explicitly stated it considered only Otero's convictions. The record reflects the district court did not consider an improper factor in imposing sentence. The claim fails.

Otero next claims his plea counsel was ineffective in failing to object to the prosecutor's alleged breach of the parties' plea agreement. "We review de novo claims of ineffective assistance of counsel arising from the failure to object to the alleged breach of a plea agreement." *State v. Lopez*, 872 N.W.2d 159, 168 (Iowa 2015). To prevail on his claim, Otero must demonstrate: (1) counsel failed to perform an essential duty, and (2) the breach of duty resulted in prejudice. *See id.* at 169. "Counsel does not fail to perform an essential duty by failing to raise a meritless objection. However, defense counsel has a duty to object to a breach of a plea agreement." *Id.* "[P]rejudice is presumed when defense counsel fails to object to the state's breach of a plea agreement at the sentencing hearing." *Id.* at 170. "Although claims of ineffective assistance of counsel are generally preserved for postconviction relief hearings, we will consider such claims on direct appeal where the record is adequate." *State v. Horness*, 600

N.W.2d 294, 297 (Iowa 1999). We conclude the record is adequate to resolve this claim on direct appeal.

Otero contends the prosecutor failed to truly recommend the agreed-upon sentence because the prosecutor reminded the district court of the numerous dismissed charges at the time of sentencing. The State's promise to recommend specific sentences to the court "requires the prosecutor to present the recommended sentences with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance." *Id.* at 299. The State may not invite the sentencing court to consider improper factors in its sentencing decision with "a wink and a nod." *See State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008). "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). "Where the State technically complied with the agreement by explicitly recommending the agreed-upon sentence but expressed material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement." *Id.*

> The expression of a material reservation regarding the plea agreement or sentencing recommendation can be explicit or implicit. For example, the prosecutor may explicitly express regret for entering into the plea agreement. The prosecutor may also implicitly express material reservation to the plea agreement or

recommended sentence in a number of ways. For example: by proposing alternative sentences; by requesting "an appropriate sentence" rather than the agreed-upon sentence; by making a recommendation and then reminding the court it is not bound by the plea agreement; or by emphasizing a more severe punishment recommended by the presentence investigation author.

*Id.* at 285.

We conclude the defendant has failed to establish a breach of the plea agreement requiring an objection by the defendant's plea counsel. While the prosecutor referenced the dismissed charges at the time of sentencing, it was only to alert the court the parties had reached an agreement with respect to the assessment of costs regarding certain dismissed counts. The State never tied the argument to its sentencing recommendation or otherwise acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant. Otero's argument thus fails.

The defendant's sentences are affirmed.

**AFFIRMED.**