STATE of Iowa, Appellee,

v.

Mark UEBBERHEIM, Appellant.

No. 59046.

Supreme Court of Iowa.

March 22, 1978.

Clarold E. Rogers, Glenwood, for appellant.

Richard C. Turner, Atty. Gen., Thomas A. Evans, Jr., Asst. County Atty., and H. Walter Green, County Atty., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

RAWLINGS, Justice.

Defendant was charged with injuring a motor vehicle. On nonjury appellate trial anew district court found defendant guilty. He appeals. We reverse.

Mark Uebberheim, then a juvenile, was charged by preliminary information with injuring or tampering with a motor vehicle in violation of Section 321.78, The Code 1975, a nonindictable misdemeanor. See § 321.482. October 23, 1975, trial was had to a magistrate who found Uebberheim guilty. Oral notice of appeal was promptly given pursuant to § 762.43.

December 12th, the noticed appeal was scheduled to come on for hearing in district court December 16th and defendant was so notified by mail.

At trial time Uebberheim first unsuccessfully requested the hearing be governed by Ch. 232, i.e., conducted as a juvenile delinquency proceeding rather than adult criminal prosecution. Defendant then moved for a continuance, solely in order to permit a timely request for jury trial. This too was overruled.

Trial to the court proceeded and Uebberheim was again found guilty. The judge suspended all but ten days of a thirty day jail sentence and placed defendant on one year's "parole." This appeal followed.

Here raised are these issues, all of which need not be entertained:

(1) Does § 321.482, as applied, violate the constitutional requirement that laws of a general nature operate uniformly?

(2) Was defendant improperly denied his right to jury trial by district court's failure to grant a continuance?

(3) Did trial court impose unconstitutional or unlawful probation terms?

I. Uebberheim initially contends he should not have been charged under § 321.-78 and resultantly tried as an adult.

Section 321.78 provides:

"Any person who  *  *  *  willfully injures or tampers with any vehicle or breaks or removes any part or parts of or from a vehicle without the consent of the owner is guilty of a misdemeanor punishable as provided in section 321.482."

Section 321.482 allows a maximum punishment of $100 fine or thirty days in jail and additionally states: "Chapter 232 shall have no application in the prosecution of offenses committed in violation of this chapter which are punishable  *  *  *  [as nonindictable misdemeanors]."

■ Uebberheim argues that because he *could* have been charged under another statute which carries no Ch. 232 exemption, he *should* have been so charged. See, e.g., § 714.1.

■ This position is without merit. Assuming without deciding some statute other than § 321.78 was also violated by Uebberheim, it still remains the prosecution chose § 321.78 and secured a conviction thereunder. As recently observed in *Bordenkircher v. Hayes*, —— U.S. ——, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978):

> "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and *what charge to file* or bring before a grand jury, generally rests entirely in his discretion." (emphasis supplied).

See also *United States v. Ojala*, 544 F.2d 940, 943 (8th Cir. 1976); *State v. Sefcheck*, 261 Iowa 1159, 1167–1168, 157 N.W.2d 128, 133 (1968); *State v. Russell*, 259 Iowa 1133, 1136–1137, 147 N.W.2d 22, 24–25 (1966); ABA Standards Relating to The Prosecution Function, § 3.9 (1971), quoted in *United States v. Lovasco*, 431 U.S. 783, 794, 97 S.Ct. 2044, 2051 n.15, 52 L.Ed.2d 752 (1977); 63 Am.Jur.2d, Prosecuting Attorneys, § 26; 27 C.J.S. District & Pros.Attys. § 14(1).

Significantly, Uebberheim makes no showing that the decision to prosecute under § 321.78 was based on unconstitutional considerations such as race or religion or that it resulted from prosecutorial "vindictiveness". See *Blackledge v. Perry*, 417 U.S. 21, 24–29, 94 S.Ct. 2098, 2101–2103, 40 L.Ed.2d 628 (1974); *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962); *State v. Walker*, 236 N.W.2d 292, 295 (Iowa 1975). In fact, there is nothing to suggest Uebberheim was singled out for § 321.78 prosecution while other similarly situated minors were referred to juvenile court. See *United States v. Ojala*, 544 F.2d at 943. On the contrary, § 321.78 seems particularly if not exclusively appropriate under the involved facts. There was no abuse of prosecutorial discretion in so charging this defendant.

II. Relatedly, Uebberheim also submits the above quoted portion of § 321.482 makes the statute, as applied to him, violative of the constitutional requirement that "[a]ll laws of a general nature shall have a uniform operation". Art. I, § 6, Iowa Constitution.

■ However, the record reveals no effort by Uebberheim to previously raise this alleged constitutional infirmity. And as heretofore repeatedly declared, issues raised the first time on appeal present nothing for appellate review, even when constitutional protections are invoked. See, e. g., *State v. Washington*, 257 N.W.2d 890, 895 (Iowa 1977).

III. Defendant next submits he was denied his jury trial right protected by Art. I, § 9 of the Iowa Constitution and associated statutes governing trial of nonindictable misdemeanors. This issue can be resolved on a statutory, rather than constitutional basis and we so elect. See *Motor Club of Iowa v. Dept. of Transp.*, 251 N.W.2d 510, 519 (Iowa 1977).

Proceeding on that premise we are satisfied Uebberheim had a limited *statutory* right to trial by jury.

At the outset § 762.15 says:

> "A defendant in a criminal action shall be entitled to jury trial by filing with the magistrate a written jury demand *at least ten days before the time set for trial.* Failure to make a jury demand in the manner prescribed herein constitutes a waiver of jury. If demand is made, the action shall be tried by a jury of six members." (emphasis supplied).

Also pertinent is this portion of § 762.12:

> "Upon a plea other than guilty, the magistrate shall set a trial date which shall be at least fifteen days after the plea is entered. He shall notify the prosecuting attorney of the trial date and shall advise the defendant that the trial will be without jury unless demand for jury trial is made at least ten days prior to the date set for trial. Upon the request of the defendant, the magistrate

may set the date of trial at a time less than fifteen days after a plea other than guilty is entered. The magistrate shall notify the defendant that a request for earlier trial date shall constitute a waiver of jury."

Necessarily, defendant concedes no district court jury request was made. Rather, he appeared December 16th, the date set for trial, and moved for a continuance in order to make possible a timely jury demand. Without more, trial court would have acted well within its discretion in denying Uebberheim's request. See, e. g., *State v. Volk*, 220 N.W.2d 607, 611 (Iowa 1974).

Uebberheim alleges, however, trial court's failure to follow other procedures required by Ch. 762 should have excused his demand failure and dictated a continuance.

As heretofore related, defendant was initially found guilty by a magistrate and immediately gave notice of appeal to district court pursuant to § 762.43, which, at the time here concerned, provided in pertinent part:

"When an appeal is taken, the magistrate shall forward to the appropriate district court clerk a copy of the docket entries in his court, together with copies of the complaint, warrant, motions, pleadings, and the exhibits or copies thereof, and all other papers in the case. *The case shall stand for trial anew in the district court in the same manner as it originally should have been tried.* The court shall have full power over the case, the judicial magistrate and his record, and shall render original judgment." (emphasis supplied).

Uebberheim essentially contends his case on appeal was not tried anew as required because trial court failed to notify defendant of the jury demand requirement and compounded such omission by scheduling trial only four days in advance.

The State responsively argues Uebberheim could have made a jury demand any time after his October 23rd oral notice of appeal, the same rationale adopted by trial court in overruling defendant's continuance motion. But this argument is wide of the mark.

Manifestly, Uebberheim was under no obligation to effect a jury demand until an appeal trial date had been specified and then not until ten days before the time set for trial. This is due to the fact the italicized language of § 762.43 makes §§ 762.12 and 762.15, all heretofore quoted, applicable to trial anew in district court.

Supportive of that conclusion is this statement in *State v. Baker*, 203 N.W.2d 795, 797 (Iowa 1973): "Code section 762.15 as made applicable by section 762.48 [Code 1971] to trials of nonindictable offenses in the District Court, required defendant to demand a jury trial before any evidence was taken."

To similar effect is *State v. Ill*, 74 Iowa 441, 442, 38 N.W. 143 (1888), where this statement appears:

"In this case, defendant was accused, by information, of an offense of which the district court had only appellate jurisdiction. Section 4702 of the Code provides that a case of this kind 'shall stand for trial anew in the district court in the same manner as it should have been tried before the justice.' It should have been tried before the justice in one of two modes: either by the court or by a jury. The provisions of the Code which apply in this case are as follows: 'Sec. 4669. Upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the justice must proceed to try the issue, unless a change of venue be applied for by defendant.' 'Sec. 4672. Before the justice has heard any testimony upon the trial, the defendant may demand a trial by jury.' It will be noticed that the proper manner of trying a case of this kind in justice's court is to try it to the justice, unless a jury is demanded by defendant. In other words, if he fail to demand a jury, he waives the right to be tried by one. This being the case in justice's court, and the cause being triable in the same mode or manner in the district court, the defendant had the power to consent to a trial to the court."

714

See also *State v. Volk*, 220 N.W.2d at 610–611.

██ In sum total defendant was entitled to at least 15 days notice of the date fixed for trial on his appeal to district court so that he could, if desired, effect a § 762.15 jury demand "at least ten days *before the time set for trial*". (Emphasis supplied).

It therefore follows district court's failure to observe § 762.12 served in effect to unlawfully deny Uebberheim his § 762.15 right to trial by jury. Consequently, denial of defendant's continuance request constituted an abuse of discretion which dictates a reversal.

IV. Finally considered is Uebberheim's challenge to district court's "parole" terms. Our reversal, necessitating a remand for new trial, makes resolution thereof unnecessary. Accordingly, we express no view as to either the procedure employed or *probation* conditions presently imposed.

Reversed and remanded to district court for trial anew.