**STATE of Iowa, Appellant,**

v.

**David K. PERRY, Appellee.**

**No. 88–1041.**

Supreme Court of Iowa.

May 17, 1989.

Rehearing Denied June 8, 1989.

Thomas J. Miller, Atty. Gen., Julie A. Halligan–Brown, Asst. Atty. Gen., Mary E. Richards, County Atty., Dennis W. Parmenter, Asst. County Atty., for appellant.

Lad Grove, Ames, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

David K. Perry was charged with criminal mischief in the second degree, a felony, and the related offenses of solicitation and conspiracy to commit a felony. The trial information and minutes of testimony allege Perry or someone at his request intentionally caused approximately $991 damage to an automobile. The district court granted Perry's pretrial motion to dismiss. It held the special statute that made willful injury of a vehicle a simple misdemeanor could not be reconciled with the general criminal mischief statute. Therefore, the special statute prevailed as an exception to the general provision. The State appeals from this final judgment as a matter of right. Iowa Code § 814.5 (1987). On appeal, we reverse and remand.

I. The district court found the general criminal mischief statutes, Iowa Code sections 716.1 and 716.4 (1987), to be irreconcilable with the willful injury or tampering with a motor vehicle statute, Iowa Code section 321.78 (1987). The State argues the statutes are reconcilable and provide the prosecution discretion to select either statute as a basis for its criminal charge.

Because the statutes involve the same subject matter, Perry insists section 321.78 is a special statute that is an exception to the general criminal mischief statute. He cites both Iowa Code section 4.7 (1987) and *State v. Uebberheim*, 263 N.W.2d 710 (Iowa 1978), in support of his position. If the court were to allow prosecution of intentional vehicle damage or injury under the criminal mischief provisions, he urges his constitutional right to equal protection would be denied. He makes no claim the prosecution abused its discretion.

II. It is a fundamental rule of statutory construction that where a general statute, if standing alone, would include the same matter as a special statute and thus conflict with it, the special statute will be considered an exception to or a qualification of the general statute and will prevail over it, whether it was passed before or after such general enactment. *State v. Halverson*, 261 Iowa 530, 537–38, 155 N.W. 2d 177, 181 (1967).

In 1971, this rule was codified at Iowa Code section 4.7, which provides:

If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.

The special statute prevails over a general provision only if the two statutes cannot be reconciled. *State v. Farley*, 351 N.W.2d 537, 538 (Iowa 1984). Other applicable

rules of statutory construction must be considered in determining if the involved statutes can be reconciled. When terms of a statute are explicit, the court normally will not resort to rules of statutory construction. *Phillips v. Iowa Dist. Court,* 380 N.W.2d 706, 710 (Iowa 1986). When the statutory language appears fairly certain but adherence to the strict letter of the law leads to injustice, absurdity, or contradiction, we may look to another meaning. *State v. Schlemme,* 301 N.W.2d 721, 723 (Iowa 1981).

■ Iowa Code section 321.78 provides:

Any person who either individually or in association with one or more other persons willfully injures or tampers with any vehicle or breaks or removes any part or parts of or from a vehicle without the consent of the owner is guilty of a simple misdemeanor.

Iowa Code sections 716.1 and 716.4 provide:

Any damage, defacing, alteration, or destruction of tangible property is criminal mischief when done intentionally by one who has no right to so act.

Criminal mischief is criminal mischief in the second degree if the cost of replacing, repairing, or restoring the property so damaged, defaced, altered or destroyed exceeds $500 but does not exceed $5000. Criminal mischief in the second degree is a class "D" felony.

We fail to find a repugnancy or irreconcilable conflict between criminal mischief in the second degree and willful injury or tampering with a vehicle. Under section 321.78 the prosecution must prove willful injury of a vehicle. The requirement is much the same under sections 716.1 and 716.4 in which the prosecution must prove intentional damage of tangible property. But the elements of the offenses differ in that, in the chapter 716 offense, the prosecution must also establish that the cost of repair of the damaged property exceeds $500. The two statutory provisions are reconcilable.

■ The fact that two statutes provide different criminal penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language. The adoption of one statute does not implicitly repeal another statute whenever a defendant's conduct might violate both. It is not enough to show that the two statutes produce differing results when applied to the same factual situation. The legislative intent to repeal must be manifest in the "positive repugnancy between the provisions." *United States v. Batchelder,* 442 U.S. 114, 121–22, 99 S.Ct. 2198, 2203, 60 L.Ed.2d 755 (1979). The criminal mischief statutes are not repealed by section 321.78.

In *State v. Uebberheim,* 263 N.W.2d 710 (Iowa 1978), we held section 321.78 was the appropriate charge in a case involving willful injury of a vehicle. The defendant in *Uebberheim* argued that because he could have been charged under another statute, he should have been so charged. *Id.* at 712. We rejected the argument and observed that the decision whether or not to prosecute, and what charges to file, generally rests entirely upon the discretion of the prosecutor. We found no abuse of prosecutorial discretion. Our comment that "§ 321.78 seemed particularly if not exclusively appropriate under the involved facts" was not intended to express an opinion that section 321.78 was the exclusive charge, but only that it was an appropriate charge against the juvenile defendant. *Id.*

■ III. Perry urges his constitutional right to equal protection would be violated if the State is permitted to prosecute on the criminal mischief charge. In *Batchelder,* the Court found no constitutional infirmity in that the two statutes provided different penalties for identical conduct. The Court recognized there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion exercised when choosing one of two statutes with identical elements. *Batchelder,* 442 U.S. at 125, 99 S.Ct. at 2205, 60 L.Ed.2d at 765.

■ When a single act violates more than one criminal statute, the prosecutor may exercise discretion in selecting which charge to file. This is permissible even

though the two offenses call for different punishments. *State v. Tague*, 310 N.W.2d 209, 211 (Iowa 1981). It is common for the same conduct to be subject to different criminal statutes. Creating a statutory system in which the government has the choice between charging the same conduct as a felony or as a misdemeanor helps prosecutors and is thus perfectly consistent with a legislative desire to expand liability. *Edwards v. United States*, 814 F.2d 486, 490 (7th Cir.1987).

IV. We find no conflict between Iowa Code sections 716.1, 716.4 and 321.78, nor do we find that Perry's constitutional right to due process has been violated. The trial court erred in granting Perry's motion to dismiss.

■ When a charge has been dismissed erroneously before the defendant has been placed in jeopardy, the State may appeal, and, if successful, may continue prosecution under the information filed. *State v. Soppe*, 374 N.W.2d 649, 651 (Iowa 1985). The trial court's order dismissing the trial information should be reversed and the information reinstated.

REVERSED AND REMANDED.