**STATE of Iowa, Appellee,**

v.

**Aaron and Theresa RIVERA, Appellants.**

**No. 92–326.**

Supreme Court of Iowa.

March 24, 1993.

Rehearing Denied April 19, 1993.

William D. Kurth, Carroll, for appellants.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Brian E. Claney, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

CARTER, Justice.

Defendants, Aaron Rivera and Theresa Rivera, who are the parents of minor children ages ten and eight, appeal from a misdemeanor conviction under Iowa Code sections 299.4 and 299.6 (1989). The basis for that conviction was the court's finding that defendants failed to furnish the home schooling report that was required for the school year beginning on August 27, 1990. The case was tried before a district associate judge whose judgment was later affirmed on defendants' appeal under Iowa Rule of Criminal Procedure 54.

In this appeal, defendants urge that section 299.4, as applied to them, violates their right to the free expression of religion guaranteed by the First Amendment to the federal Constitution. They also challenge the court's refusal to provide them a jury trial on the issues presented. After reviewing the arguments made by the parties, we find no basis for disturbing the judgment of the district court.

The statute with which the court found noncompliance by defendants reads as follows:

The parent, guardian, or custodian of a child who by September 15 is over seven and under sixteen years of age, who places the child under private instruction, not in an accredited or approved school, shall furnish a report in duplicate, to the district by the earliest starting date specified in section 279.10, subsection 1. The secretary shall retain and file one copy and forward the other copy to the district's area education agency. The report shall state the name and age of the child, the period of time during which the child has been or will be under private instruction for the school year, an outline of the course of study, texts used, and the name and address of the instructor.

The term *"outline of course of study"* shall include, but is not limited to, subjects covered, weekly lesson plans, and time spent on the areas of study.

Iowa Code § 299.4 (1989). Failure to comply with this legislative enactment constitutes a misdemeanor. Iowa Code § 299.6 (1989).

■ At the beginning of the school year, which commenced on August 27, 1990, defendants' children, Elisha, age 10, and Stephen, age 8, had not been registered for attendance in the public schools in the district in which they resided. As had been their practice in previous years, defendants expressed the intention to provide their children with "equivalent instruction by a licensed teacher elsewhere." *See* Iowa Code § 299.1. Parents who seek to avoid public school attendance requirements imposed by section 299.1 by providing equivalent instruction elsewhere are obliged to comply with the reporting requirements of section 299.4.

■ Defendants had filed partial reports under section 299.4 in previous years, the sufficiency of which is not at issue in the present case. The court's conclusion that they violated section 299.4 with respect to the school year beginning on August 27, 1990, was based on a finding that the report filed for that period was untimely and not in compliance with the statute. In particular, the district associate judge who tried the factual issues found that the outline of course of study that must be furnished did not contain adequate information concerning subjects covered, weekly lesson plans, and time spent on areas of instruction. Defendants' untimely report also did not contain the name and address of instructors.

Defendants do not challenge the sufficiency of the evidence to establish a violation of section 299.4. Rather, they urge that as applied to them the requirements of this statute violate their right to the free expression of their religious beliefs. It is their contention that their religious beliefs mandate a course of action wherein a Supreme Being must be accorded exclusive authority over their children's home education program. Any requirement for reporting the details of that program to the state, defendants urge, impedes upon the free exercise of that belief.

Defendants argue that the only legitimate purpose behind the statutory scheme with which we are dealing is to assure adequate education for children. They urge that the reporting requirements are not essential to meeting that goal. Based on that premise, defendants argue that the reporting requirements are clearly outweighed by their sincerely held religious beliefs in the balancing process required for accommodation of First Amendment rights.

■ As we perceive defendants' argument, they recognize that the state has a right to set minimum educational standards for all children. That right was validated by this court in *Johnson v. Charles City Community School Board,* 368 N.W.2d 74, 79 (Iowa 1988). Defendants contend, however, that the state may not constitutionally punish them for failing to comply with the statutory home schooling reporting requirements because such reporting is not an essential ingredient in providing quality education to their children. This argument fails to recognize a second principle validated in our *Johnson* decision. That principle recognized that in setting minimum educational standards the state is also empowered to adopt reasonable requirements to assure that those standards are honored. As we observed at that time:

> The state has a clear right to set minimum educational standards for all its children and a corresponding responsibility to see to it that those standards are honored. When such standards are set in place, compliance with them falls within the ambit of the fundamental contract between the citizen and society.

*Id.* at 79.

In *Fellowship Baptist Church v. Benton,* 815 F.2d 485, 490–91 (8th Cir.1987), the federal court recognized with respect to a companion reporting statute contained in Iowa Code chapter 299 that the reporting requirements "unquestionably serve the

state's interest in knowing whether its children are attending school and receiving an education."[1] The court concluded that the state's interest in assuring quality education for its children was not overweighed by the resulting burden on the parents' religious beliefs. In so doing, it observed that no alternative means to the reporting requirements had been suggested that would adequately serve the state's purposes in this regard.

Applying the principles that we have discussed to the present case, we believe the issue is whether assured compliance with the state's prescribed minimum educational requirements may be attained in the absence of regulations of the type being challenged. We see no alternative to reasonable reporting requirements if the state does not choose to abdicate responsibility to see that these standards are honored.

■ We also reject defendants' contention that their constitutional right to a jury trial was abridged. The right to jury trial may be prescribed by reasonable regulations. *State v. Uebberheim*, 263 N.W.2d 710, 713–14 (Iowa 1978). Statutory and rule restrictions limiting the right of jury trial in misdemeanor cases have been in existence for more than 100 years. Waiver of a right to jury trial through untimely demand was provided at least as far back as the Code of 1873, as is indicated by the discussion in *State v. Ill*, 74 Iowa 441, 442, 38 N.W. 143, 143 (1888).

■ Under the requirements imposed by Iowa Rule of Criminal Procedure 45, defendants were obliged to request a jury trial within ten days of entering a plea of not guilty or suffer the loss of that right. The written arraignment form with which they were furnished advised them of that fact. In addition, they were advised, prior to the expiration of the ten-day period, that their case was being set for a nonjury trial in the absence of a jury request.

We conclude that the procedures in the present case that gave rise to a forfeiture of defendants' right of jury trial are rea-

sonable prescriptions for managing the high volume of misdemeanor litigation that comes before the Iowa courts. Defendants' Sixth Amendment rights under the federal Constitution were not violated as a result of these restrictions.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

---

private schools, were also parental reporting requirements.