# IN THE COURT OF APPEALS OF IOWA

No. 13-0873
Filed June 11, 2014

**DEREK O. DEAN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Derek Dean appeals from the district court's denial of his application for postconviction relief asserting his trial counsel was ineffective. **AFFIRMED.**

Courtney T. Wilson of Gomez May L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Michael J. Walton, County Attorney, and Dion Trowers, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Derek Dean appeals the district court's denial of his application for postconviction relief (PCR). Dean was convicted of five counts of robbery in the first degree following a jury trial. He filed a pro se PCR application alleging, among other things, ineffective assistance of counsel. Amended applications were later filed. After a hearing, the district court denied Dean's application on all grounds. On appeal, Dean asserts the district court erred in denying his claims trial counsel was ineffective based on trial counsel's failure to allow Dean to testify at trial and in failing to request a jury instruction on "accessory after the fact."

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To prevail on his ineffective-assistance-of-counsel claims, Dean must show (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See id.* The first prong requires proof that counsel did not act as a "reasonably competent practitioner" would have acted. *See State v. Simmons*, 714 N.W.2d 264, 276 (Iowa 2006). We presume the attorney performed competently and avoid second-guessing and hindsight. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Id.* Additionally, "[c]ounsel has no duty to raise an issue that has no merit." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). To show prejudice under the second prong, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Ennenga*, 812 N.W.2d at 701. A

reasonable probability is one "sufficient to undermine confidence in the outcome." *See Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). A reviewing court need not engage in both prongs of the analysis if one is lacking. *Id.* at 159.

With regard to the jury instruction issue, we agree with the State that Dean cannot succeed on this claim, as he has not shown he would have been entitled to such an instruction.[1] "A defendant is ordinarily entitled to a theory of defense instruction if he or she makes a timely request, the request is supported by evidence, and the request sets out a correct declaration of the law." *State v. Johnson*, 534 N.W.2d 118, 124 (Iowa Ct. App. 1995). However, when, as here, the State does not charge the defendant with accessory after the fact, an instruction on the theory does not set forth an applicable rule of law. *See id.* In addition, the requested instruction "must set forth facts which would be incompatible with one or more essential elements of the crime charged." *Id.* Here, Dean does not suggest any particular language for the instruction or point to any facts that precluded a finding of guilt on the robbery charges. Even if an accessory after the fact instruction had been given, the jury still could have found Dean guilty of aiding and abetting in the robberies. *See State v. Perry*, 440 N.W.2d 389, 391-92 (Iowa 1989) (noting that when a defendant's actions can conceivably violate more than one criminal statute, the prosecutor has the sole

---

[1] There was only a brief discussion of the accessory after the fact instruction issue at the PCR hearing. The district court's ruling does not mention or rule on the issue, and Dean failed to file a rule 1.904(2) motion requesting the court to enlarge its findings and conclusions. *See* Iowa R. Civ. P. 1.904(2). Insofar as Dean raises this claim in the guise of an ineffective-assistance-of-counsel claim alleging counsel was ineffective in failing to raise the issue—and in an effort to stave off another PCR proceeding—we address Dean's claim despite its error preservation concerns. *See Fountain*, 786 N.W.2d at 263 ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."); *see also State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

discretion in determining which charge to file).  Lastly, we also note that the crime of being an accessory after the fact is not a lesser-included offense of robbery. *State v. Sanders*, 280 N.W.2d 375, 377 (Iowa 1979).  The court would have had no duty to give the instruction, even if requested.  Under the circumstances, Dean cannot establish that his trial counsel was ineffective for failing to request an accessory after the fact instruction.

We next turn to the claim Dean's trial counsel was ineffective for failing to allow Dean to testify.  After perceptively analyzing the circumstances, trial court concluded:

> [Dean's trial counsel] testified credibly that he always explains to defendants that it is their constitutional right to testify if they chose to do so.  This is a decision that can only be made by the client, not by [Dean's trial counsel].  Therefore, [Dean's trial counsel] clearly did not "fail to allow [Dean] to testify."  Moreover, for the reasons explained by [Dean's trial counsel], it would have been a very bad idea for Dean to have testified.  Dean denied to the police that he had been driving Brown around and rather stated he had been to his aunt's home.  Had Dean testified, he would have been impeached based on his prior inconsistent statements to the police.

The trial court's decision of this issue was thorough and well-reasoned.  Upon our de novo review of the record, we agree with the trial court's conclusion that the claim had no merit and we therefore affirm without further opinion pursuant to Iowa Rule of Appellate Procedure 6.1203(a) and (d).

Because Dean's claims of ineffective assistance of trial counsel fail, the district court properly denied his application for PCR.  Consequently, we affirm the district court's ruling denying Dean's PCR application.

**AFFIRMED.**