# IN THE COURT OF APPEALS OF IOWA

No. 14-0061
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT W. CARTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clarke County, Gary G. Kimes,

Judge.

        Scott Carter appeals from the denial of his motion to correct an illegal

sentence. **AFFIRMED.**

        Unes J. Booth of Booth Law Firm, Osceola, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, and Michelle Rivera, County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

This appeal involves the interplay between two drug offense statutes that prohibit the same conduct but have grossly disparate penalties. One statute provides for a ninety-nine-year sentence. The other provides for a twenty-five-year sentence.

Scott Carter pled guilty to delivering methamphetamine to a minor, in violation of Iowa Code section 124.401D(2) (1999 Supp.).[1] He was sentenced to ninety-nine years of imprisonment. Carter contends that because sections 124.401D(2) and 124.406(1)(a) (1999) provide grossly disparate punishments for identical conduct, the longer sentence that was imposed upon him is illegal.[2] The fact that Carter's criminal act was subject to different penalties does not render his sentence illegal, and we therefore affirm the district court's denial of Carter's motion to correct illegal sentence.

## I.   *Background Facts and Proceedings*

The record before us reflects the following. In May 2000, two teenage girls, fourteen and seventeen years old, ran away from a group home in Des Moines. They showed up at Carter's Clarke County farm intending to hide from law enforcement and juvenile authorities. Carter, then forty-one years old, was a

---

[1] This section is now numbered 124.401D(2)(a) (2015).

[2] A section 124.401D(2) violation, delivery of methamphetamine by an adult to a minor, is subject to a ninety-nine-year sentence. *See* Iowa Code § 902.9(1) (1999 Supp.) (now § 902.9(1)(a) (2015)) ("A felon sentenced for a first conviction for a violation of section 124.401D, shall be confined for no more than ninety-nine years."). A section 124.406(1)(a) (1999) violation, distribution of schedule I or II controlled substances (including methamphetamine) by an adult to a minor, a class "B" felony, is subject to a twenty-five-year sentence. *See id.* § 902.9(2) (1999 Supp.) (now § 902.9(1)(b) (2015)) ("A class 'B' felon shall be confined for no more than twenty-five years."). Methamphetamine is classified as a Schedule II controlled substance. *Id.* § 124.206(4)(b).

friend of the fourteen-year-old's family, and Carter had known the girl since her birth. Carter secretly sheltered the girls in a barn and a camper for three days. During that time, Carter forced the fourteen-year-old to perform various sex acts. Carter pointed a gun at her, threatened to drug her, and threatened to restrain her with duct tape to force her to be a compliant participant in the sex acts performed. Carter provided methamphetamine to the fourteen-year-old and marijuana to the seventeen-year-old. The girls stole Carter's supply of drugs and when he was unable to locate the drugs, Carter physically assaulted the girls, and threatened to kill them. The girls then fled on foot, eventually running to a neighboring property. Law enforcement became involved.

Carter was charged by information with eight offenses: Count I, sexual abuse in the third degree; Count II, harboring a runaway child; Count III, harboring a runaway child; Count IV, distribution of a schedule I controlled substance (marijuana) to a minor; Count V, delivery of a schedule II controlled substance (methamphetamine) to a minor; Count VI, sexual abuse in the third degree; Count VII, sexual abuse in the third degree; and Count VIII, sexual abuse in the third degree. Pursuant to a plea agreement, Carter pled guilty to Count V, delivery of a schedule II controlled substance (methamphetamine) to a minor, in violation of Iowa Code section 124.401D(2). As a part of the plea agreement, the remaining charges were dismissed. Carter was sentenced to serve an indeterminate term of incarceration not to exceed ninety-nine years, with no eligibility for parole until having served a minimum term of ten years' incarceration.

In 2013, Carter filed a motion to correct illegal sentence arguing the mandatory ninety-nine-year sentence for violating section 124.401D(2) is illegal because section 124.406(1)(a) imposes only a twenty-five-year sentence for identical conduct. The district court denied the motion, and Carter now appeals.

## II. Standard of Review

Although we ordinarily review a claim of an illegal sentence for the correction of errors at law, when the claim is that the sentence is unconstitutional our review is de novo. *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014). An illegal sentence may be corrected at any time. Iowa R. Crim. P. 2.24(5).

## III. Discussion

Carter claims that because the two statutes prohibit the same conduct but have disparate penalties, the longer sentence that was imposed upon him is illegal. Iowa Code section 124.401D(2) (now 124.401D(2)(a)) provides in part:

> It is unlawful for a person eighteen years of age or older to deliver or possess with the intent to deliver to a person under eighteen years of age, a material, compound, mixture, preparation, or substance that contains any detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, . . . .

Iowa Code section 124.406(1)(a) provides in part:

> 1. A person who is eighteen years of age of older who:
> a. Unlawfully distributes or possesses with intent to distribute a substance listed in schedule I or II to a person under eighteen years of age commits a class "B" felony . . . .

Section 124.406(1)(a) is more expansive in scope than section 124.401D(2) as the former covers distribution[3] of any schedule I or II substance, while the latter only covers delivery of methamphetamine. But the statutory provisions overlap

---

[3] For purposes of our analysis, the terms "distribution" and "delivery" are interchangeable. *See* Iowa Code § 124.101(7), (11).

because each make it unlawful for a person eighteen years of age or over to deliver methamphetamine to a person under the age of eighteen.

Carter first argues,

> The creation of two statutes with grossly disparate sentencing provisions for identical conduct defies rational explanation, furthers no legitimate government interest, permits arbitrary enforcement of the law by impermissibly granting prosecutors the power to choose the length of sentence in violation of the equal protection and due process provisions of the Iowa Constitution.

Even though the two statutory provisions call for differing punishments for the same conduct, Carter has no valid complaint. In *United States v. Batchelder*, the Supreme Court held:

> This Court has long recognized that when an act violates more than one criminal statute, the government may prosecute under either so long as it does not discriminate against any class of defendants. . . . Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.

442 U.S. 114, 123-24 (1979) (internal citations omitted). "The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause." *Batchelder*, 442 U.S. at 125. The *Batchelder* holding has been embraced by our supreme court. *See State v. Tague*, 310 N.W.2d 209, 211 (Iowa 1981); *see also State v. Perry*, 440 N.W.2d 389, 391-92 (Iowa 1989). Carter urges us to reject *Batchelder* and rely on our own interpretation of the equal protection and due process clauses of the Iowa Constitution. As an intermediate appellate court, we are not at liberty to upend our supreme court precedent. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990)

("We are not at liberty to overturn Iowa Supreme Court precedent."); *State v. Hughes*, 457 N.W.2d 25, 28 (Iowa Ct. App. 1990) (citing *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.")).  We therefore reject Carter's argument.

Carter next contends,

> By enacting two felony statutes that permit grossly disparate punishments for identical conduct with no guidance to "effectively preclude arbitrary or capricious" action in regard to the selection of the particular statute for prosecution, the legislature unconstitutionally delegated its authority to the prosecutor to determine the length of sentence.

Our supreme court has held,

> When a single act violates more than one criminal statute, the prosecutor may exercise discretion in selecting which charge to file.  This is permissible even though the two offenses call for different punishments.

*Perry*, 440 N.W.2d at 391-92 (citing *Tague*, 310 N.W.2d at 211).  Furthermore, this delegation of discretion to a prosecutor does not give rise to a violation of Carter's equal protection or due process rights.  *Id.*  We therefore reject Carter's argument.

Carter further asserts the rule of lenity, a rule of statutory construction, applies.  Our supreme court explained,

> The rule of lenity requires that ambiguous statutes imposing criminal liability be strictly construed in favor of the defendant. Originally conceived to mitigate the extension of the death penalty to many criminal acts in England, the modern purposes of the rule of lenity include providing fair notice that conduct is subject to criminal sanction, preventing inconsistent and arbitrary enforcement of the criminal law, and promoting separation of powers by ensuring that crimes are created by the legislature, not the courts.

*State v. Hearn*, 797 N.W.2d 577, 585 (Iowa 2011). When the language of a statute is clear and unambiguous, we need not resort to rules of statutory construction. *See Perry*, 440 N.W.2d at 391 ("When terms of a statute are explicit, the court normally will not resort to rules of statutory construction."); *see also State v. Peters*, 525 N.W.2d 854, 857-58 (Iowa 1994). The language in both statutes is clear and unambiguous. We find no positive repugnancy between the provisions. We therefore conclude the overlap between the statutes does not require us to invoke the statutory construction rule of lenity. *See Batchelder*, 442 U.S. at 121. We therefore reject Carter's argument.

Lastly, Carter claims the ninety-nine-year penalty "violates the cruel and unusual punishment provision of the Iowa constitution, when compared to others who are equally culpable and receive only a twenty-five (25) year sentence for violating § 124.406(1)(a)." The Iowa Constitution prohibits the imposition of cruel and unusual punishment. *See* Iowa Const. art I, § 17. But if punishment "falls within the parameters of a statutorily prescribed penalty," it generally "does not constitute cruel and unusual punishment." *State v. Cronkhite*, 613 N.W.2d 664, 669 (Iowa 2000). Carter's ninety-nine-year sentence falls within the statutorily prescribed penalty. Carter does not argue the ninety-nine-year sentence is cruel and unusual in and of itself. Instead, he contends "there should be no disparity in the punishment meted out by two statutes which proscribe identical conduct." Unfortunately, Carter fails to fully articulate the nature of his cruel and unusual punishment challenge. He provides us with no analysis or substantive argument in support of his claim. A random mention of an issue, without elaboration or supportive authority, is not sufficient to raise an issue for review. *See EnviroGas,*

*L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 785 (Iowa 2002); *Soo Line R.R. v. Iowa Dep't of Transp*., 521 N.W.2d 685, 689 (Iowa 1994) (stating court will not consider issues concerning which an appellant cites no authority nor offers any substantive argument). Therefore, we do not consider Carter's cruel and unusual claim.

## IV.     Conclusion

For all the above reasons, we reject Carter's claims on appeal. The fact that Carter's criminal act was subject to different penalties does not render his sentence illegal. We affirm the district court's denial of Carter's motion to correct illegal sentence.

**AFFIRMED.**